IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TED KNOX, # N92676,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | |
| ) | Case No. 3:19-cv-00382-SMY |
| **JACQUELINE LASHBROOKS,** ) | |
| **CRAIG ASSELMEIER,** ) | |
| **STEVEN NEWBOLD,** ) | |
| **DR. MCSHAN, GAIL WALLS,** ) | |
| **TRACY LEE, JAELEN McWILLIAMS,** ) | |
| **TARA CHADDERTON,** ) | |
| **LPN BEN DAHLEM, SHELBY DUNN,** ) | |
| **LEE GREGSON, LAKESHA HAMBY,** ) | |
| **SUSAN KIRK, AMY LANG,** ) | |
| **NICOLE MARSHALL,** ) | |
| **HEATHER MCGHEE,** ) | |
| **ALLYCE MOLL, MARTHA OAKLEY,** ) | |
| **BRENDA OETJEN, RON SKIDMORE,** ) | |
| **BRANDY TRIPP,** ) | |
| **AUGUSTA WILLIAMS, and** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Ted Knox filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights during his incarceration at Menard Correctional Center ("Menard"). He claims several Defendants denied him necessary dental care and others retaliated against him for filing grievances. This matter is now before the Court for consideration of two motions for summary judgment on the issue of exhaustion of administrative remedies (Docs. 101, 107). Nine medical-provider Defendants (Dr. McShan, Dahlem, Dunn, Gregson, Hamby, Kirk, Moll, Dr. Newbold, and Tripp) join in the first motion (Doc. 101), and eleven correctional-employee Defendants (Lashbrook, Walls, Lee, Chadderton, Lang, Marshall, McGhee,

Oakley, Oetjen, Skidmore, and Williams) filed the second (Doc. 107). Plaintiff responded to the motions. (Docs. 111, 114).

## PROCEDURAL BACKGROUND

Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff is proceeding on the following claims:

> Count 1: Eighth Amendment deliberate indifference for failure to provide timely treatment for Plaintiff's abscessed and infected tooth against Defendants Lashbrook, Asselmeier, Dr. Newbold,[1] Dr. McShan, Lee, McWilliams, Chadderton, Dahlem, Dunn, Gregson, Hamby, Kirk, Lang, Marshall, McGhee, Moll, Oakley, Oetjen, Skidmore, Tripp, and Williams.
>
> Count 2: Eighth Amendment deliberate indifference via a policy or practice, or lack thereof, of declining appropriate dental care by Defendants Wexford, Lashbrook, and Dr. Newbold.
>
> Count 3: Eighth Amendment deliberate indifference against Defendant Gail Walls for her unsatisfactory response to Plaintiff's grievances about his emergent dental care needs.
>
> Count 4: Retaliation by Defendants Dunn, Hamby, and Lang for Plaintiff's grievances about his dental issues.

Plaintiff submitted two grievances relevant to this case – a grievance dated May 10, 2017 and Grievance No. 142-6-17 dated June 18, 2017. Defendants contend the May 2017 grievance was not properly exhausted and the June 2017 grievance did not satisfy the exhaustion requirement because it lacked sufficient information on Plaintiff's claims against a number of individuals. Plaintiff argues that the June 2017 grievance alone was sufficient to exhaust his administrative remedies on the claims herein. The Court finds that a hearing is not necessary; a ruling can be made on the exhaustion issue based on the written submissions of the parties.

---

[1] Dr. Newbold was initially dismissed from the action but was reinstated as a Defendant in Counts 1 and 2 after Plaintiff filed his First Amended Complaint. (Docs. 78, 79).

## FACTS

Plaintiff is a diabetic with a history of periodontal gum disease related to his diabetes. Plaintiff submitted the first of several requests for urgent dental care for a problem with his front tooth on April 23, 2017. As time went on, the tooth became worse and Plaintiff experienced severe pain that interfered with his sleep and other normal activities, and infection that produced blood and pus and prevented him from brushing his teeth properly. (Doc. 79, pp. 8-10).

No care was given for the abscessed tooth, and on April 30, 2017, Plaintiff woke up to find his pillow covered in blood and his tooth dangling from the gum. (Doc. 79, p. 10). Plaintiff submitted written requests and asked Dunn, Lang, Tripp, Oakley, Oetjen, Moll, Chadderton, Marshall, McGhee, Hamby, Lang, Lee, Kirk, Skidmore, Gregson, and McWilliams for dental care over the ensuing days, to no avail. (Doc. 79, pp. 10-17, 20-22).

Plaintiff submitted his first grievance over the lack of dental care on May 10, 2017. He complained that nurses "Ms. Tripp, Ms. Martha, Ms. Brenda, Ms. Shelbey, Ms. Marshall, Ms. Chatten, Ms. McGee, Ms. Suzy, Ms. Keisha, Mr. Ron, Ms. Laing, and several unknowns" had denied his multiple requests for dental care beginning on April 23, 2017. (Doc. 79-1, pp. 7-8). He submitted the grievance directly to the Administrative Review Board ("ARB"), which received it on May 15, 2017 and returned it to him with instructions to provide the original grievance and institutional responses. (Doc. 79-1, pp. 10-11). Plaintiff also submitted this grievance as an emergency matter to Defendant Lashbrook but never received a response.[2] (Doc. 79, p. 17).

Dr. Newbold postponed Plaintiff's dental appointment which had been scheduled for May

---

[2] Plaintiff previously filed suit over the same dental problems in *Knox v. Mall*, Case No. 17-cv-574-MJR-SCW (S.D. Ill.). The Court conducted an evidentiary hearing and concluded that Plaintiff failed to exhaust his administrative remedies before filing suit, finding that no evidence supported his claim that he submitted the May 10, 2017 grievance to Warden Lashbrook and that she subsequently failed to respond. (Doc. 125, pp. 10-12 in Case No. 17-574). That case was dismissed without prejudice on September 25, 2018.

11, 2017. (Doc. 79, p. 18). Plaintiff's tooth broke off completely and bled heavily on May 18, 2017. (Doc. 79, p. 25). He was taken to healthcare, where Asselmeier denied an MRI and told him that his only treatment option was removal of all his teeth. (Doc. 79, p. 26).

Plaintiff submitted Grievance No. 142-6-17 on June 18, 2017 in which he complained that Lieutenant Lee ignored his request for dental care on May 8, 2017; McWilliams failed to refer him to a dentist on May 13, 2017 and falsified his records; and that on May 18, 2017, Dr. Asselmeier[3] refused to give him a new partial and stated Plaintiff "would remain at the back of the call line" as long as he kept his remaining teeth. (Doc. 79-1, pp. 12-13). That grievance also noted, "*Supplemental Response: In addition to the above, Nurse(s) Tripp, Martha, Brenda, Shellbey, Marshall, Chatten, Mcgee, Suzy, Keisha, Ron, Laing, Plunlee, Gregson, and Williams violated my rights to urgent dental care as previously stated on May 10, 2017." (Doc. 79-1, p. 13). Grievance No. 142-6-17 was denied at the institutional level and by the ARB.[4] (Doc. 79-1, pp. 14-15; 19).

## LEGAL STANDARDS

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Under the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. §

---

[3] In the grievance, Plaintiff spells the name as "Oselmayer." (Doc. 79-1, p. 13).

[4] Plaintiff submitted two other grievances which are not relevant to the claims herein given the subject matter and time frame. Grievance No. 38-7-17 dated June 29, 2017 complained that his dental records were illegible (Doc. 107, p. 5; Doc. 112-1, p. 4), and an August 4, 2017 grievance complained that a call pass was cancelled on August 1, 2017 during a lockdown. (Doc. 79-1, pp. 16-18).

1997e(a); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). To properly exhaust administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit requires strict adherence to the exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

An inmate in the custody of the Illinois Department of Corrections must follow the grievance process outlined in the Illinois Administrative Code to exhaust his claims. 20 ILL. ADMIN. CODE § 504.800, *et seq*. He or she is required to file a grievance with the counselor within 60 days of the discovery of an incident, occurrence, or problem (first level review). 20 ILL. ADMIN. CODE § 504.810(a). The grievance must contain factual details regarding each aspect of the prisoner's complaint, including what happened, when, where, and the name of the person who is the subject of the complaint, and, if the prisoner does not know the name, they must describe such person with as much detail as possible. 20 ILL. ADMIN. CODE § 504.810(c). If the complaint is not resolved through a counselor, the grievance may be submitted to a grievance officer (second level review) who must render a written recommendation to the CAO (usually the Warden). 20 ILL. ADMIN. CODE § 504.830(e). The CAO then advises the inmate of the final decision on the grievance. *Id.*

If not satisfied with the decision of the CAO, an inmate may appeal to the ARB. 20 ILL. ADMIN. CODE § 504.850(a); *see also Dole*, 438 F.3d at 806-07. The appeal must be received by the ARB within 30 days after the date of the CAO's decision. 20 ILL. ADMIN. CODE § 504.850(a). The inmate must attach copies of the Grievance Officer's report and the CAO's decision to his appeal. *Id.* The ARB will submit a written report of its findings and recommendations to the

Director who shall review the same and make a final determination. 20 ILL. ADMIN. CODE § 504.850(D) AND (E).

The grievance procedures do allow for an inmate to file an emergency grievance. To do so, the inmate must forward the grievance directly to the CAO who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. 20 ILL. ADMIN. CODE § 504.840(a). If the CAO determines the grievance should be handled on an emergency basis, he or she "shall expedite processing of the grievance and respond to the offender" indicating to him what action shall be taken. 20 ILL. ADMIN. CODE § 504.840(b). On the other hand, if the CAO determines the grievance "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 ILL. ADMIN. CODE § 504.840(c).

The Administrative Code allows a prisoner to submit a grievance directly to the ARB in certain limited circumstances, none of which are applicable to this case (protective custody placement, involuntary psychotropic medication, and disciplinary or other issues that arose at a facility other than the facility where the prisoner is currently housed). 20 ILL. ADMIN. CODE § 504.870, Amended at 41 Ill. Reg. 3869, eff. April 1, 2017.

## DISCUSSION

### Medical/Dental Defendants' Motion (Doc. 101)

It is undisputed that neither of Plaintiff's grievances named or complained about any action or inaction by Dr. Newbold, Dr. McShan, Dahlem, or Moll. (Doc. 102, p. 7). Because Plaintiff did not initiate or exhaust the administrative grievance process as to these Defendants, they are entitled to summary judgment in their favor.

Plaintiff's May 10, 2017 grievance referred to several nurses without presenting their complete names. The Court presumes that Plaintiff was attempting to identify Defendants "Ms. [Brandy] Tripp, … Ms. Shelbey [Shelby Dunn], … Ms. Suzy [Susan Kirk], [and] Ms. Keisha [Lakesha Hamby]" in this grievance. The grievance was submitted only to the ARB and was never properly exhausted by presentation to the Menard grievance officials or to Warden Lashbrook. Plaintiff concedes this point, stating in his Response that he is not relying on that grievance and he "will not entertain" the Defendants' arguments pertaining to that grievance. (Doc. 111, p. 2). Nevertheless, Plaintiff argues that the June 18, 2017 grievance alone is sufficient to exhaust his administrative remedies on the claims herein. (*Id.*, pp. 2-3). As such, it is clear that Plaintiff failed to properly exhaust it the May 10, 2017 grievance.

In Grievance No. 142-6-17, Plaintiff complains about Jalen McWilliams, Dr. Craig Asselmeier, and Lt. Lee, and adds that nurses "[Brandy] Tripp, … Shellbey [Dunn], … Suzy [Kirk], Keisha [Hamby], … [and] [Lee] Gregson … violated [his] rights to urgent dental care as previously stated on May 10, 2017."[5] (Doc. 79-1, p. 13; Doc. 102, p. 8). The grievance contains no further information as to when the alleged violations by these individuals took place or what they did or failed to do that violated Plaintiff's rights. Nor is there any evidence Plaintiff attached a copy of his May 10, 2017 grievance when he submitted Grievance No. 142-6-17.

The prison grievance procedure requires that a grievance contain sufficient factual detail – including what happened, when and where the problem arose, and the name or identifying information of the person at fault – to give prison officials adequate notice of the events and person(s) involved so they may investigate and respond. 20 ILL. ADMIN. CODE § 504.810(c);

---

[5] No mention of Gregson was made in the May 10, 2017 grievance, contrary to this statement in Grievance No. 142-6-17.

*Porter v. Nussle,* 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to allow corrections officials the "opportunity to address complaints internally before allowing the initiation of a federal case"); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002). Grievance No. 142-6-17, standing alone, does not give sufficient notice of Plaintiff's complaints against Tripp, Dunn, Kirk, Hamby, or Gregson for "violating [his] rights to urgent dental care" because it contains no factual information regarding what these nurses did that amounted to a violation, what date(s) Plaintiff interacted with them, or what symptoms he was having at those times. Plaintiff's reference to the claim "as previously stated on May 10, 2017," is inadequate because he never presented the May 10, 2017 grievance to any Menard officials and did not restate or attach a copy of that grievance to Grievance No. 142-6-17. Thus, Grievance No. 142-6-17 did not adequately inform grievance officials of his claims against Tripp, Dunn, Kirk, Hamby, or Gregson. Therefore, Defendants Tripp, Dunn, Kirk, Hamby, or Gregson are entitled to summary judgment in their favor.

## IDOC Defendants' Motion (Doc. 107)

The IDOC Defendants argue that Plaintiff did not submit any relevant grievances against them for review by Menard officials before filing suit. (Doc. 107, pp. 10-12). Again, Plaintiff's May 10, 2017 grievance was submitted only to the ARB and was never sent to the Menard grievance office or warden for consideration at the institutional level. While that grievance named "Ms. Martha [Oakley], Ms. Brenda [Oetjen], … Ms. [Nicole] Marshall, Ms. Chatten [Tara Chadderton], Ms. [Heather] McG[h]ee, … Mr. Ron [Skidmore]," and Ms. Amy Laing [Lang], and adequately described the factual basis for the grievance, Plaintiff's failure to present it in accordance with the prison grievance procedures means that it cannot exhaust his claims against these individuals. (Doc. 79-1, pp. 7-8).

While Plaintiff alleges that he submitted the May 10, 2017 grievance to Lashbrook as an emergency grievance (Doc. 114, pp. 2-4), he states in his Response that he is not relying on that grievance and he "will not entertain" the Defendants' arguments pertaining to that grievance. (Doc. 114, p. 2). Instead, he argues that grievance alone is sufficient to exhaust his administrative remedies on the claims herein. Accordingly, the Court finds Plaintiff failed to exhaust his administrative remedies as to the claims in the May 10, 2017 grievance.

Defendants argue that Grievance No. 142-6-17 failed to name Lashbrook, Walls, Chadderton, Oakley, Lang, Marshall, McGhee, Oetjen, Skidmore, or Williams and to describe any action or inaction on their part regarding Plaintiff's dental care. (Doc. 107, p. 11; Doc. 79-1, pp. 12-13). Grievance No. 142-6-17 does not include the names of Lashbrook or Walls. However, it does include the "Supplemental Response" claiming that Martha [Oakley], Brenda [Oetjen], [Nicole] Marshall, Chatten [Tara Chadderton], Mcgee [Heather McGhee], Ron [Skidmore], Laing [Amy Lang], and [Augusta] Williams "violated [Plaintiff's] rights to urgent dental care as previously stated on May 10, 2017." (Doc. 79-1, p. 13). That said, as previously discussed with respect to the medical Defendants, this conclusory statement was not adequate to place prison officials on notice of when or in what manner these Defendants violated Plaintiff's rights so that the grievance might be investigated and a response prepared. Therefore, it did not satisfy the exhaustion requirement. *See* 20 ILL. ADMIN. CODE § 504.810(c); *Porter,* 534 U.S. at 524-25; *Riccardo*, 375 F.3d at 524.[6]

---

[6] It is undisputed that Plaintiff correctly presented Grievance No. 142-6-17 through each step of the administrative review process, and that it was fully exhausted as to Defendant Lt. Tracy Lee. (Doc. 107, pp. 4-5; Doc. 112-1, pp. 3-4; Doc. 79-1, pp. 14-15, 19). Because the motion presents no argument that Plaintiff failed to exhaust the grievance against Lee, the Court assumes Defendants mistakenly included Lee in the motion.

## CONCLUSION

The Motion for Summary Judgment (Doc. 101) filed by Defendants Dr. Newbold, Dr. McShan, Dahlem, Dunn, Gregson, Hamby, Kirk, Moll, and Tripp is **GRANTED**. The Motion for Summary Judgment (Doc. 107) filed by Defendants Lashbrook, Walls, Lee, Chadderton, Lang, Marshall, McGhee, Oakley, Oetjen, Skidmore, and Williams is **GRANTED IN PART** as to Lashbrook, Walls, Chadderton, Lang, Marshall, McGhee, Oakley, Oetjen, Skidmore, and Williams and **DENIED IN PART** as to Tracy Lee.

Plaintiff's claims in Counts 3 and 4, which relate only to dismissed Defendants, are **DISMISSED** without prejudice for failure to exhaust administrative remedies. Defendants Lashbrook, Dr. Newbold, Dr. McShan, Walls, Chadderton, Dahlem, Dunn, Gregson, Hamby, Kirk, Lang, Marshall, McGhee, Moll, Oakley, Oetjen, Skidmore, Tripp, and Williams are **DISMISSED** from the action without prejudice for failure to exhaust administrative remedies.

The Clerk of Court is **DIRECTED** to **TERMINATE** them as parties in this action and to enter judgment accordingly at the close of the case.

The following claims remain in this case:

Count 1: Eighth Amendment deliberate indifference for failure to provide timely treatment for Plaintiff's abscessed and infected tooth against Defendants Asselmeier, Lee, and McWilliams.

Count 2: Eighth Amendment deliberate indifference via a policy or practice, or lack thereof, of declining appropriate dental care by Defendant Wexford.

**IT IS SO ORDERED.**

**DATED: April 15, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**