IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00382-SMY |
| | ) |
| JACQUELINE LASHBROOK, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

**YANDLE, District Judge**:

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 155) and the parties' Joint Motion to Amend the Discovery Scheduling Order (Doc. 158). Following preliminary review of the Amended Complaint under 28 U.S.C. § 1915A, Plaintiff proceeded on three deliberate indifference to serious medical needs claims and a retaliation claim against a total of 23 defendants (Doc. 78). The Court granted motions for summary judgment for failure to exhaust administrative remedies with respect to 19 defendants on April 15, 2021 (Doc. 115). Plaintiff now seeks to add a state law claim for intentional infliction of emotional distress, or in the alternative, for negligent infliction of emotional distress, against the 19 defendants previously dismissed and the remaining 4 defendants. Defendants oppose the filing of the amended complaint.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). Plaintiff was long aware of the facts underlying the proposed claim. And even though he proceeded *pro se* until counsel was assigned on September 28, 2021, he is an

1

experienced litigator in this District.[1] At this late stage, Defendants would suffer undue prejudice by the addition of a new state law claim. It would also be unduly prejudicial to the 19 defendants that were dismissed prior to merits discovery to be brought back into the case at this point. The motion (Doc. 155) is therefore **DENIED**.

The Court reluctantly **GRANTS in part** the motion to amend the scheduling order (Doc. 158); the parties are admonished for unilaterally pausing litigation as they have done. All discovery, including expert discovery, must be completed by June 22, 2022. *Daubert* and Dispositive motions must be filed by July 25, 2022. These dates will not be further extended.

**IT IS SO ORDERED.**

**DATED: May 16, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[1] Plaintiff has filed seven other civil rights lawsuits in this District. *See Knox v. Powers*, 05-114-PMF, *Knox v. Furlong*, 10-1001-MJR-DGW, *Knox v. Butler*, 17-494-DWD, *Knox v. Ross*, 17-571-SMY, *Knox v. Butler*, 17-572-DWD, *Knox v. Mall*, 17-574-MJR-SCW, and *Knox v. Jeffreys*, 21-483-SPM.